**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JONATHAN DUBON-MANUELES** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **J. L. JAMISON, Warden of Philadelphia** | : | |
| **Federal Detention Center, JOHN E. RIFE,** | : | |
| **Acting Field Office Director, Immigration and** | : | |
| **Customs Enforcement, Enforcement and** | : | |
| **Removal Operations, Philadelphia Field Office,** | : | |
| **MARKWAYNE MULLIN, Secretary of the** | : | |
| **Department of Homeland Security, TODD** | : | |
| **BLANCHE, Acting U.S. Attorney General, U.S.** | : | |
| **DEPARTMENT OF HOMELAND SECURITY,** | : | |
| **EXECUTIVE OFFICE OF IMMIGRATION REVIEW** | : | **NO. 26-3233** |

## ORDER

**NOW**, this 14th day of May, 2026, upon consideration of Petitioner Jonathan Dubon-Manueles's Petition for Writ of Habeas Corpus (Doc. No. 1) and the government's opposition, **IT IS ORDERED** that the petition is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** as follows:

1.     Dubon-Manueles is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2.     The government shall release Dubon-Manueles from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than **12:00 P.M. E.T.** on **May 15, 2026**.

3.     The government shall return all personal belongings confiscated from Dubon-Manueles upon his detention, including identification documents.

4.     The government is temporarily enjoined from re-detaining Dubon-Manueles for seven days following his release from custody.

5.      If the government pursues re-detention of Dubon-Manueles, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

6.      The government shall not remove, transfer, or otherwise facilitate the removal of Dubon-Manueles from the Eastern District of Pennsylvania prior to the ordered bond hearing.

7.      If the immigration judge determines Dubon-Manueles is subject to detention under 8 U.S.C. § 1226(a), the government may request permission to move Dubon-Manueles if unforeseen or emergency circumstances arise that require his removal from the Eastern District of Pennsylvania.  That request must set forth the grounds for the request and a proposed destination.[1]

_____
TIMOTHY J. SAVAGE, J.

_____

[1] Dubon-Manueles is a native of Honduras who entered the United States some time in 2020 or 2021. Pet. Writ Habeas Corpus ("Pet. Habeas Corpus") ¶ 17, ECF No. 1.  Shortly after he entered the country, he was detained by Department of Homeland Security ("DHS") officers for seven days and subsequently released. *Id.* at ¶ 18.  Dubon-Manueles then moved to Philadelphia, where he has lived for over five years. *Id.* at ¶ 18.  He has complied with all conditions of his removal proceedings and immigration release.  *Id.* at ¶ 20.  He has not had any encounters with the criminal legal system since arriving in the United States. *Id.* at ¶ 53.

On May 7, 2026, Dubon-Manueles was detained by Immigration and Customs Enforcement ("ICE") while attending a routine immigration check-in in Philadelphia. *Id.* at ¶ 21.  At the time of filing his complaint, Dubon-Manueles was detained at the Federal Detention Center in Philadelphia.  *Id.* at ¶ 6.  He was subsequently transferred to the Moshannon Valley Processing Center in the Western District of Pennsylvania.  Respondents' Opp'n to Pet. for Writ of Habeas Corpus ("Opp'n") 5, ECF No. 4.  Because Dubon-Manueles filed his petition prior to his transfer outside the Eastern District of Pennsylvania, we retain jurisdiction. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (citing *Ex parte Endo*, 323 U.S. 283 (1944)).

The government has denied Dubon-Manueles the opportunity for a hearing conducted by a neutral decisionmaker to determine whether his detention is warranted based on danger or flight risk.  *See* Pet. Habeas Corpus ¶ 61; Opp'n 8.  It contends that detaining him without a bond hearing is lawful under 8 U.S.C. § 1225(b)(2).  *See id.*

Section 1225(b)(2) does not apply to individuals like Dubon-Manueles, who are not actively trying to enter the country, but have been living here for an extended period.  *See Demirel v. Fed. Det. Ctr. Phila.*,

No. 25-5488, 2025 WL 3218243, at *1, *4–5 (E.D. Pa. Nov. 18, 2025).  The provision that applies to Dubon-Manueles is 8 U.S.C. § 1226(a).  That provision mandates a hearing.  *See* 8 C.F.R. §§ 1236.1(c)(8), (d).

We have held in nearly identical cases where the parties made the same arguments that detention without a bond hearing violates 8 U.S.C. § 1226(a) and the Due Process clause of the Fifth Amendment.  *See, e.g., Diallo v. O'Neill et al.*, Civ. A. No. 25-6358, 2025 WL 3298003, at *4–6 (E.D. Pa. Nov. 26, 2025).  The same reasoning applies here.